UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THELMA WHITE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:12CV469 JAR |
| ) | |
| 14051 MANCHESTER, INC. d/b/a ) | |
| HOTSHOTS SPORTS BAR & GRILL, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion to Dismiss First Amended Complaint or, in the Alternative, Motion for More Definite Statement ("Motion"; ECF No. 34). This matter is fully briefed and ready for disposition.

**BACKGROUND**

Plaintiffs Thelma White and Nicole Carroll ("Plaintiffs") are former servers and bartenders at HotShots Sports Bar & Grill ("HotShots") and purport to represent similarly situated HotShots employees. (First Amended Complaint ("FAC"), ECF No. 32, ¶¶6-7). Plaintiffs assert that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq*., and the Missouri Minimum Wage Law ("MMWL"), Mo.Rev.Stat. §290.527[1] by paying these employees less than the minimum wage. The FLSA and MMWL permit employers to pay less than the full hourly wage to tipped employees under a "tip credit." (Id., ¶23). The "tip credit" allows restaurants

---

[1] Section 290.527 provides that "Any employer who pays any employee less wages than the wages to which the employee is entitled under or by virtue of sections 290.500 to 290.530 shall be liable to the employee affected for the full amount of the wage rate and an additional equal amount as liquidated damages, less any amount actually paid to the employee by the employer and for costs and such reasonable attorney fees as may be allowed by the court or jury. The employee may bring any legal action necessary to collect the claim. Any agreement between the employee and the employer to work for less than the wage rate shall be no defense to the action. All actions for the collection of any deficiency in wages shall be commenced within two years of the accrual of the cause of action."

to take a credit against the minimum wage for employee tips. (Id.). To qualify for the tip credit, restaurants must adhere to certain restrictions, including allowing employees to retain all of their tips. (Id., ¶24). As an exception to that requirement, employees can participate in a "tip pool" whereby employees who receive tips directly from customers can pool their tips with other "customarily and regularly" tipped employees. (Id., ¶¶25-27). Plaintiffs assert that Defendants required participation in a tip pool. (Id., ¶28). Plaintiffs also allege that the HotShots tip pool required that Plaintiffs and other similarly situated servers and bartenders share their tips with the "back of the house" employees who are not "customarily and regularly" tipped, such as cooks and dishwashers. (Id., ¶¶27-28). Plaintiffs contend that Defendants' misuse of tips and the requirement that they share their tips with non-tipped employees invalidates HotShots' tip pool and nullifies Defendants' entitlement to claim a tip credit against the minimum wage. (Id., ¶29).

## DISCUSSION

### I.     STANDARD OF REVIEW

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (citing Luney v. SGS Auto Servs., 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of

a cause of action will not do." Twombly, 550 U.S. at 555.  The complaint must allege facts, which, when taken as true, raise more than a speculative right to relief.  Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008)(citation omitted).

With respect to a motion for more definite statement under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  When a "pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite under Rule 12(e) before responding."  McCoy v. St. Louis Pub. Schs, No. 4:11CV918, 2011 U.S. Dist. LEXIS 118287, at *5 (E.D. Mo. Oct. 13, 2011) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)).  A motion for more definite statement is proper when a party is unable to determine issues he must meet, or where there is a major ambiguity or omission in the complaint that renders it unanswerable.  Tinder v. Lewis County Nursing Home Dist., 207 F. Supp. 2d 951, 959 (E.D. Mo. 2001)(internal citations omitted).

## II.  ANALYSIS

At issue in this case is whether Plaintiffs have alleged an employment relationship with respect to all of the Defendants under the FLSA and the MMWL.  Under the FLSA and the MMWL, an "employer" is "any person acting directly or indirectly in the interest of an employer." 29 U.S.C. §203(d); Mo.Rev.Stat. §290.500(4).[1]

In their Motion, Defendants assert that Plaintiffs do not allege properly that, or which, Defendants were Plaintiffs' employer(s).  Defendants note that the HotShots restaurants are all separate legal entities and that Plaintiffs have not identified the specific restaurant(s) for which they

---

[1] The full definition of "employer" under the FLSA "includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."  29 U.S.C. §203(d).

worked. Defendants contend that, under Plaintiffs' general and conclusory allegation that they were employed by HotShots, it is impossible to know what specific entity or entities employed Plaintiffs. (Memorandum in Support of Motion to Dismiss First Amended Complaint or, in the Alternative, Motion for More Definite Statement ("Memorandum"), ECF No. 35, p. 4). In addition, Defendants assert that Plaintiffs have not alleged that they were employed by Daniel and Julie Volmert . (Id., pp. 8-9). Defendants claim that Plaintiff's allegations that the Volmerts were owners, members and/or officers of HotShots is merely a "multi-faceted guess" and does not rise above the level of speculation. (Id.).

Defendants primarily rely on Loyd v. Ace Logistics, LLC. In Loyd, the district court outlined the "four factors used to determine whether an entity may be held to be a joint employer under the FLSA", which are "whether the alleged employer: (1) had the power to hire and fire the plaintiff; (2) supervised and controlled plaintiff's work schedules or conditions of employment: (3) determined the rate and method of payment; and (4) maintained plaintiff's employment records." Loyd v. Ace Logistics, LLC, No. 08-CV-00188-W-HFS, 2008 U.S. Dist. LEXIS 100633, at *10-11 (W.D. Mo. Dec. 12, 2008)(citing Schubert v. Bethesda Health Group, Inc., 319 F. Supp. 2d 963, 971 (E.D. Mo. 2004)); see also Arnold v. DirecTV, Inc., No. 4:10CV00352, 2011 U.S. Dist. LEXIS 22843, at *17 (E.D. Mo. Mar. 7, 2011).[1] In that case, the plaintiff alleged FLSA violations against Ace Nextday, its parent company, Ace Logistics, and TSL, a professional employee leasing company. Pursuant to an agreement with Ace Nextday, TSL furnished personnel and handled the payroll and worker's compensation insurance for such personnel. The plaintiff asserted that the defendants were all joint employers. See Loyd, 2008 U.S. Dist. LEXIS 100633, at *11. The district court held that plaintiff's allegations that defendants TSL and Ace Logistics were her employers

---

[1] Judge Fleissig noted in Arnold v. Direct TV that Loyd "is not controlling on this Court." Arnold, 2011 U.S. Dist. LEXIS 22843, at *19.

- 4 -

within the meaning of the FLSA were insufficient. Id., at *12.[3]  The plaintiff did not allege who hired or fired her, controlled her work schedule or conditions of employment or maintained employment records. Id.

In response, Plaintiffs assert that they have properly alleged a joint employment relationship with all of the HotShots locations. (Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss First Amended Complaint or, in the Alternative, Motion for More Definite Statement ("Response"), ECF No. 26, pp. 5-10). Specifically, Plaintiffs allege that they worked for HotShots at various HotShots locations based upon an employee-sharing arrangement between the various entities. (FAC, ¶¶17-19). Likewise, Plaintiffs allege that the Volmerts were employers of Plaintiffs because they are owners, members, and/or officers of HotShots who manage and direct all of the HotShots locations.  (Id., ¶¶17-18).  The Volmerts also maintain control over the day-to-day functions of the stores, maintain control over the the corporate defendants' pay practices, and have authority to hire and fire employees who work at the various HotShots locations.  (Id.).

Plaintiffs also differentiate the Loyd case.  In that case, the plaintiff did not allege which entity hired, fired and paid them.  Here, Plaintiffs assert that they have alleged a joint employment relationship whereby HotShots locations shared employees and the Volmerts control the hiring, firing and pay practices for all locations. (Response, p. 7).  Plaintiffs also contrast Loyd because, in that case, TSL and Ace Logistics disputed plaintiff Loyd's employment status based upon a business agreement regarding the leasing of employees.  That is, Loyd involved a dispute over whether the plaintiff, an employee of Ace Nextday, also could be an employee of the employee leasing agency (TSL) or the parent company of business to which Ace Nextday reported (Ace Logistics).  In contrast, Plaintiffs contend that they have alleged an enterprise relationship whereby

---

[3]The claim against Ace Nextday was not dismissed because it conceded that it employed the plaintiff.  Loyd, 2008 U.S. Dist. LEXIS 100633, at *1, 8,n.5.

- 5 -

they could be considered employees of all of the "chain" locations, as well as the Volmerts. (Id.; FAC, ¶19).

The Court finds that Plaintiffs' First Amended Complaint provides factual allegations to support an employment relationship between Plaintiffs and Defendants under the extremely broad definition of employer under the FLSA and MMWL. Plaintiffs do more than merely state a legal conclusion that Defendants are their employers. Plaintiffs allege a joint employment relationship with all of the HotShots legal entities as Plaintiffs allege that they worked at "multiple HotShots locations." (FAC, ¶7). As further support of this joint employment relationship, Plaintiffs allege that "Defendants' chain of restaurants/bars engage in related activities of selling/serving food and beverage to customers and have interrelated operations, common management, centralized control of labor relations of the various HotShots restaurant locations, and common ownership and financial control." (Id., ¶19). Contrary to Defendants' assertion that Plaintiffs do not identify who hired or fired them or who controlled their work schedules and pay practices (Memorandum, p. 4), the First Amended Complaint states that Defendants Daniel and Julie Volmert maintained control over the pay practices and had authority to hire and fire HotShots employees. (FAC, ¶¶17-18). Given Plaintiffs' allegation that they were employed by multiple HotShots, the Court can discern that the Volmerts were in charge of Plaintiffs' work schedules and pay practices at all of the locations. (Id.). At this stage of the litigation, the Court finds that Plaintiffs sufficiently allege that all of the Defendants were their joint employers.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Motion to Dismiss First Amended Complaint or, in the Alternative, Motion for More Definite Statement (ECF No. 34) is **DENIED**.

Dated this 11th day of June, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE