UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THELMA WHITE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Case no. 4:12-cv-00469 JAR |
| ) | |
| v. ) | |
| ) | |
| 14051 MANCHESTER, INC., d/b/a ) | |
| HOTSHOTS SPORTS BAR & GRILL, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL**

Defendants 14051 Manchester, Inc., d/b/a HotShots Sports Bar & Grill, 12154 Rock Road, Inc., d/b/a HotShots Sports Bar & Grill, 950-952 South Highway, LLC d/b/a HotShots Sports Bar & Grill, 12664 Dorsett Road, LLC, d/b/a HotShots Sports Bar & Grill, 215 O'Fallon Place, LLC, d/b/a HotShots Sports Bar & Grill, 4021 Union, LLC, d/b/a HotShots Sports Bar & Grill, 1636 County Club Plaza, Inc., d/b/a HotShots Sports Bar & Grill, 730 HSBG, LLC, d/b/a HotShots Sports Bar & Grill, 1319 Central Park, LLC, d/b/a HotShots Sports Bar & Grill, Daniel Volmert and Julie Volmert (collectively, "Defendants"), for their Memorandum in Opposition to Plaintiffs' Motion to Compel, state as follows:

Plaintiffs' discovery requests seek information and documents well beyond the scope of permissible discovery, particularly in light of the current pre-conditional certification juncture of this litigation. Courts do not allow discovery of these types of information prior to certification. Plaintiffs' requests also seek an extremely broad and burdensome range of documents and information that Plaintiffs make no attempt to justify in their Motion to Compel, despite the burden of the Motion lying with them. Further, Defendants have provided narrative responses to

several questions about the "policies" of Hotshots. Finally, Plaintiffs have propounded many improper contention discovery requests that need not be answered.

Defendants have responded to two rounds of discovery requests, each with interrogatories and requests for production. Defendants answered Plaintiffs' First Set of 17 Interrogatories on August 9, 2012, providing 23 pages of objections and answers. *See Motion to Compel Exhibit 1*. On the same day, Defendants provided responses to Plaintiffs' 42 Requests for Production. Defendants have produced 260 pages of documents, including wage and hour reports for the Plaintiffs over a three-year period, labor department materials, employee handbooks, Plaintiffs' employee files, and tip logs. On August 27, 2012, Defendants responded to five more Interrogatories and eight more Requests for Production. After this Motion to Compel was filed, Defendants again supplemented answers to one Interrogatory and three Requests for Production. Plaintiffs seek still more documents and information, primarily concerning employees who are not parties to this action and whose information is specifically protected prior to conditional certification of an FLSA case.

Plaintiffs must demonstrate the relevance of the information sought "before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992) (finding no abuse of discretion in denying discovery). Plaintiffs rarely make mention of the actual language of their discovery requests in their Motion to Compel, and have not met their burden in this Motion, as is explained in detail below.

I. **Defendants are not required to respond to Plaintiffs' requests for all employees' contact information prior to a ruling on the motion for conditional class certification.**

Defendants are not entitled to discovery of information concerning all of Defendants' employees prior to conditional certification of the class. Plaintiffs base their argument on an incorrect assumption: that it does not matter whether the class is certified or not, because Defendants have not opposed certification. This is incorrect, as is made clear by Defendants' Memorandum in Opposition to Plaintiffs' Motion for Conditional Class Certification (Doc. #49), which spells out Defendants' opposition in detail. Further, Plaintiffs are ignoring the two-step certification process followed in this District, which dictates the pace of discovery in conjunction with certification. Courts that follow the two-step certification process prohibit discovery of non-Plaintiff employees' information until after conditional certification. Cases cited by Plaintiffs do not follow this process or rule. Plaintiffs also have made no attempt to justify their request for not only contact information for other employees, but also their complete employment records. The FLSA certification process provides no justification for this information at this time. Plaintiffs have received what Plaintiffs are entitled to: employment records, including wage and hour records, of the Plaintiffs. They have no right to any other information requested.

**A. Defendants oppose, and have opposed, conditional certification of the class.**

Plaintiffs make a fundamental misstatement in their Motion to Compel: that Defendants "have not opposed conditional certification of the FLSA class in this case, but rather, confined their objections to Plaintiffs' proposed notice and other related procedural issues." *Memorandum in Support of Motion to Compel* (Doc. #59) at p.5 (emphasis removed), p.7. This is not true. Defendants objected to conditional class certification on many grounds, and several of those grounds were to the definition of the conditional class itself. *See Defendants' Memorandum in Opposition to Plaintiffs' Motion for Conditional Class Certification* (Doc. #49).

3

Plaintiffs seek certification of a loosely-defined class of "Hotshots" employees, including at multiple locations that are franchisees. *Id.* Defendants do not own or operate these locations, do not determine the pay of the employees at those locations, and do not know who is employed at those locations. *Id.* at p.3-6. The entities that own these locations either have not been named as Defendants or have not been served with process. *Id.* Plaintiffs have made no effort to amend their pleadings or serve these other entities. As argued in the Memorandum in Opposition to conditional class certification, Plaintiffs therefore have not carried their burden to have the proposed class conditionally certified.

Plaintiffs are incorrect that Defendants have not opposed conditional class certification, and they are therefore also incorrect that the objections to discovery, and particularly objections to the production of contact information of all "Tipped Employees" at "Hotshots," is not overbroad or unduly burdensome. Plaintiffs defined "Hotshots" (and other terms) as:

> all locations that utilize the name "HotShots Sports Bar & Grill," regardless of whether a particular location's owning entity is a defendant in this lawsuit, including but not limited to the HotShots locations in downtown St. Louis, Missouri; Cape Girardeau, Missouri; O'Fallon, Illinois; St. Charles, Missouri; Bridgeton, Missouri; Manchester, Missouri; O'Fallon, Missouri; South County, Missouri; Maryland Heights, Missouri; and Fenton, Missouri.

*See Plaintiffs' First Set of Interrogatories Directed to Defendants* at p.2-3, relevant portions of which are attached hereto as Exhibit A. Plaintiffs expect production of contact information, and much more, of employees over whom the named and served Defendants have no control. Defendant Julie Volmert stated this in her Affidavit, and it is unopposed by Plaintiffs.[1] *See Exhibit A to* Doc. #49. The discovery requests – that is, each and every request that seeks

---

[1] Plaintiffs argued in opposition that certain employees were sent to work at the franchise locations. Ms. Volmert stated clearly in her affidavit that one or more employees assist in opening a franchise location, but that the employees <u>do not</u> train franchise employees about tip pooling and <u>are not</u> paid by the franchise location. These facts are unopposed.

4

information from "Hotshots" or the many other terms employed – are overbroad and unduly burdensome. Plaintiffs have made no attempt to address this important point, except to flatly state "there is nothing vague or ambiguous about the scope of the proposed class." *Memorandum in Support of Motion to Compel* at p.5. This is not a substantive response to the meritorious objection, and is certainly not a justification of the relevancy of the broad request sufficient to meet Plaintiffs' burden.

### B.  Applicable law prohibits such disclosures at this point in the litigation.

Contrary to Plaintiffs' position, Defendants in FLSA cases are not required to produce employees' names and other contact information prior to certification. In *Crawford v. Dothan City Bd. of Education*, 214 F.R.D. 694 (M.D. Ala. 2003), the plaintiffs sought the identities of employees who could have opted-in to an FLSA action. The case had not yet been conditionally certified. *Id.* at 695. "The United States Supreme Court has explained that when a collective action is conditionally certified, it is appropriate for a district court to permit the discovery of the names and addresses of employees." *Id.* (citing *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989) *and Vaszlavik v. Storage Technology Corp.*, 175 F.R.D. 672, 681-82 (D. Colo. 1997) (the *Crawford* Court stating about the *Vaszlavik* holding: "once a collective action is certified, plaintiffs are entitled to discovery to determine the names and addresses of putative class members")). "Where discovery is sought in the absence of a conditionally certified collective action, however, such discovery has been denied." *Id.* (citing *Brooks v. Bell-South Telecommunications, Inc.*, 164 F.R.D. 561, 571 (N.D. Ala. 1995)). *See also Walker v. Dollar General Corp.*, 2011 WL 318599 (N.D. Miss. Jan. 28, 2011) (relying upon *Crawford* to deny request for discovery of employees' contact information); *Levine v. Gunther Motor Co. of Plantation, Inc.*, 2010 WL 5140590 (S.D. Fla. Dec. 9, 2010) (denying motion to compel list of

employees, and relying on the Court's two-tiered certification process in FLSA classes as justification; finding that "the only claim currently before the Court" is the named plaintiff's claim for lost wages); *Anderson v. Perdue Farms, Inc.*, 2007 WL 4554002 (M.D. Ala. Dec. 20, 2007) (granting motion to quash and stay all discovery until after ruling on motion for conditional class certification because allowing the discovery prior to conditional certification "would effectively move the process to the second stage of the . . . two-tiered approach"); *Stephens v. Erosion Containment Mgmt., Inc.*, 2008 WL 2157095 (finding that, considering the two-step certification process, discovery of "potential individuals to opt into the case is premature").

There is no question that this prohibited discovery is precisely what Plaintiffs seek at this premature stage. Even by their own characterization in their Memorandum in Support of their Motion to Compel, Plaintiffs seek "discovery relating to putative class members, including but not limited to the class members' names, contact information, personnel files, and method and amount of compensation and hours worked." *Memorandum in Support of Motion to Compel* at p.5. This is the information sought in First Interrogatories 2, 3, 4 and 8, as well as Requests 1, 2, 3, 4, 8, 9, 20, 26 and 27. *See Memorandum in Support of Motion to Compel* at p.5-6; *Motion to Compel Exhibits 1 and 2*. Defendants timely objected to the discovery requests, both in their General Objections and specifically to each request. *Id.* This information is not relevant to the case before the Court now, and Plaintiffs are not entitled to its disclosure.

**C. The Courts in this Circuit follow a two-step FLSA collective action certification process that dictates when certain discovery is permitted.**

The two-step certification process for FLSA collective actions is followed in this District. That process dictates discovery, also, and prohibits discovery of non-Plaintiff employees' employment information prior to conditional certification.

Plaintiffs cited no cases from the Eastern District of Missouri in support of the proposition that discovery of putative class members' contact information is appropriate at this juncture. Defendants likewise find no on-point decision in this district. Many of the above-cited cases, however, are from the Eleventh Circuit's district courts, and rely heavily upon the mechanics of, and reasons behind, the two-tiered certification process to preclude discovery prior to conditional certification. *See, e.g.*, *Crawford*, 214 F.R.D. at 695 ("This approach comports with the two-step process adopted by the Eleventh Circuit for resolving requests for conditional certification of a collective action.") (citing *Hipp v. Liberty National Life Ins. Co.*, 252 F.3d 1208 (11th Cir. 2001)). The reasoning is that, at the first stage, the court determines whether individuals are similarly situated. *Id.* If the class is conditionally certified, the defendant can move to de-certify based on evidence gathered. *Id.* Therefore, "discovery before step one of the two-step process is premature." *Id.* The District Courts of Missouri rely upon the same two-step process and, in fact, rely upon the same Eleventh Circuit *Hipp* decision laying out that process and its rationale, and particularly that discovery is conducted after (or if) the first step is complete. *See, e.g.*, *Huang v. Gateway Hotel Holdings*, 248 F.R.D. 225, 227 (E.D.Mo. 2008); *Garner v. Reis Corp.*, 2004 WL 5455905, at *2 (W.D.Mo. Aug. 5, 2004). The Eastern District of Missouri's adoption of the two-step certification process for FLSA collective actions, and its attendant pacing of discovery, prohibit discovery of this information at this time.

Further, the only use for the employees' contact information at this time would be to contact the class members and solicit their participation in the collective action. This type of

disclosure and communication would thwart the very purpose of the two-step certification process. The Court determines whether there are similarly-situated employees based on the motion for conditional class certification, and then approves the form(s) of notice to be provided to those deemed within the scope of the conditional class. *See Jost v. Commonwealth Land Title Ins. Co.*, 2009 WL 211943, at *2 (E.D.Mo. Jan. 27, 2009). There would be no purpose to the conditional certification and notice procedures if Plaintiffs could demand the information and proceed to communicate with putative class members, without limitation, prior to conditional certification.

### D. Plaintiffs' cases relied upon do not support compelling disclosure of employee information.

The cases cited by Plaintiffs do not rely upon the two-step certification process that, as explained above, limits discovery of non-Plaintiff employees' information prior to conditional certification. Other cases show a limited exception to this rule: where the information is necessary in order to gather evidence for a motion for conditional class certification. Plaintiffs have already filed their motion for conditional class certification, so the exception is closed to them. There is no legal or factual justification for disclosure of all employees' information.

The case held out first by Plaintiffs, *Babbit v. Albertson's, Inc.*, 1992 WL 605652 (N.D.Cal. Nov. 30, 1992), is not an FLSA case. There is also no discussion that the two-step certification process was being followed. *See id.* Instead, there is only reference to the "precertification stage" to the "putative class action" and that discovery at that point is "limited to certification issues" such as the number of class members, existence of common questions, etc. *Id.* at *2. In fact, these are the issues in a Fed. R. Civ. P. 23 class action, which is not the standard followed in an FLSA two-step collective action. *See, e.g.*, *Jost*, 2009 WL 211943, at *2

("A collective action under § 216(b) differs from class actions brought under Rule 23[.]"). The Court therefore was not relying on the same two-step certification standard, which, as described above, specifically outlines the stages at which certain discovery may take place.

Further, the *Babbit* Court states that precertification discovery is limited to certification issues only. Plaintiffs do not require this information, because Plaintiffs have chosen to go forward with their Motion for Conditional Class Certification without discovery. Plaintiffs have elected to move for conditional class certification and have briefed the Court regarding same. Plaintiffs made no allegation that further discovery was required in order for the Court to rule on its motion. The reliance on *Babbit* is therefore unsound, because the Court there allowed discovery because "the information could lead to the discovery of admissible evidence relevant to the class certification issue." *Babbit*, 1992 WL 605652, at *6. Plaintiffs have already declared the non-necessity of the requested information at this stage of litigation by moving to conditionally certify the class without it. The same can be said of other cases cited by Plaintiffs: *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 671 (D.Kan. 2003) (noting that discovery was allowed "to obtain information arguably necessary to file a motion for provisional certification"); *Morden v. T-Mobile USA, Inc.*, 2006 WL 1727987 (W.D.Wa. June 22, 2006) ("Plaintiffs ask this Court to compel certain discovery that will assist them in defining their proposed class and in moving for conditional certification."); *Fei v. WestLB AG*, 2008 WL 7863592 (S.D.N.Y. April 23, 2008) ("Indeed, the information . . . obviously will be of considerable help to Fei in his efforts to define the class. . . . Furthermore, allowing Fei to discover the identity of potential opt-ins at an early stage may help the plaintiffs show that there are enough similarly-situated plaintiffs that the action should be conditionally certified."); *Stillman v. Staples, Inc.*, 2007 WL 7261450 (D.N.J. July 30, 2007) (stating that the plaintiff

"intends to ask the Court to allow him to maintain a collective action" and discovery of names "will enable the plaintiff to identify these individuals so that they (sic) may interview them to determine whether or not similarly situated Staples employees exist.").

Other cases cited by Plaintiffs are likewise inapplicable to its request here. Some make no mention of where in the certification process the information was sought. *See Miklos v. Golman-Hayden Companies, Inc.*, 2000 WL 1617969 (S.D.Ohio Oct. 24, 2000) (no mention of two-step certification or where in the certification process motion to compel was made, and defendant contested only that there were no similarly situated employees, which Court found unavailing); *Whitworth v. Chiles Offshore Corp.*, 1992 WL 365153 (E.D.La. Nov. 25, 1992) (granting discovery of limited number of employees without discussion of whether the action was pre- or post- certification). Another case cited by Plaintiffs actually conditionally certified the class in the same Order compelling production. *Kane v. Gage Merchandising Services, Inc.*, 138 F. Supp. 2d 212 (D.Mass. 2001) (court conditionally certifies class while ordering disclosure of putative class members). These cases have no relation to the procedural posture of Plaintiffs' case and do not support compulsion of responses to Plaintiffs' requests for all employees' identifying information prior to conditional class certification.

### E. Plaintiffs' discovery requests seek an overbroad and burdensome scope of information beyond identifying information.

Although given only lip service in their Motion to Compel, Plaintiffs actually seek an Order compelling responses to four Interrogatories and nine Requests for Production under the umbrella of "Information/Documents pertaining to putative class members." *Memorandum in Support of Motion to Compel* at p.4 (citing First Interrogatories 2, 3, 4, and 8 and First Requests 1-4, 8-9, 20, and 26-27). Interrogatories 3, 4, and 8 seek the amount paid to, and hours worked

10

by, each and every so-called "Tipped Employee" of "Hotshots." *See Motion to Compel Exhibit 1*. In addition to the General Objection to all Interrogatories, Defendants specifically objected to these Interrogatories as overbroad and unduly burdensome, precisely because no conditional certification order has been entered (among other reasons). Plaintiffs cite to no authority supporting their position that they are entitled to the full pay records of every tipped employee of all Hotshots locations. Even the cases cited by Plaintiffs limit the pre-certification disclosures to names and contact information. *See, e.g.*, *Babbit*, 1992 WL 605652, at *6; *Whitworth*, 1992 WL 365153, at *2. The payroll and time information of any other employee is wholly irrelevant to the issue of whether Plaintiffs – the only Plaintiffs at this point in the litigation – were not compensated consistent with the FLSA.

Plaintiffs make no attempt to even spell out what they are seeking in the Requests cited in Section III of their Memorandum in Support of their Motion to Compel. It is Plaintiffs' burden to show that the Requests are relevant, but the language and content of these Requests simply are not discussed in the Motion to Compel or its Memorandum in Support. *See Hofer*, 981 F.2d at 380. The Requests seek extraordinarily overbroad and burdensome information for a lawsuit of two Plaintiffs, including the following for each and every "Tipped Employee" at all "Hotshots": time records (#1, #8), payroll records (#2), personnel files (#3), "all records" that "identify" a Tipped Employee (#4, #20), and records "identifying timekeeping systems" used by Tipped Employees (#9). *See Motion to Compel Exhibit 2*. All of these were identified, and properly objected to, as overbroad and unduly burdensome (among other objections that Plaintiffs do not substantively contest in their Motion). *Id.* The Requests were overbroad and Defendants timely objected. Plaintiffs mentioned the numbers of these Requests in their Motion to Compel, but did not make any argument that the Requests' language was not overbroad, that the Requests were

11

relevant, or that Plaintiffs were entitled to what was sought.  Plaintiffs have not met their burden and are not entitled to the documents sought.  Defendants nonetheless produced documents responsive to the disputed Requests related to the two named Plaintiffs.

The remaining two Requests that Plaintiffs claim "relate to the identity of putative class members" seek all "scheduled shifts" for Tipped Employees and records that "identify Defendants' method(s) for calculating hours worked[.]"  *See Motion to Compel Exhibit 2* at ¶26, 27.  Defendants timely objected.  *Id.*  Again, Plaintiffs have not approached satisfaction of their burden on a Motion to Compel because they have not in any way discussed the potential relevance of any of these Requests.  These Requests, in particular, do not seek any document that could lead to the discovery of admissible information.   Plaintiffs have made no allegation of illegality in the scheduling of employees' shifts, or the number of hours worked by employees or reported worked by employees.  Further, seeking "records sufficient to identify Defendant(s) method for calculating hours worked" is vague, ambiguous, overbroad and unduly burdensome because that phrase opens the door to a world of documents.  It is really not possible to know where to begin or end to respond to that Request.  Further, it seeks documents and information protected by the attorney-client privilege and work product doctrine, which protects documents prepared in anticipation of litigation.  *Ayers Oil Co. v. American Business Brokers, Inc.*, 2009 WL 4725297, at *3 (E.D.Mo. Dec. 2, 2009).  If Defendants have communicated with counsel regarding calculation of hours worked, or if counsel has prepared a document calculating hours worked, those documents are potentially within the scope of this broad Request and are protected from disclosure.[2]

---

[2] Plaintiffs argue that Defendants should produce a privilege log.  As is clear from the discovery requests attached to Plaintiffs' Motion, and this responsive memo, the requests are extremely broad and required many objections to protect Defendants and preserve the proper scope of

12

## II. Plaintiffs' discovery requests for "policies and practices" have been answered over objections of the overbroad nature of the requests.

Plaintiffs next seek responses to requests that have been answered by lengthy narratives and document production. Their complaints largely relate back to the same issue discussed above: that Plaintiffs are not entitled to discovery of every potential class member.

Interrogatories #5, #7 and #12 were clearly answered by extensive narratives naming the supervisors of Hotshots locations (#5 and, by reference, #9, identifying supervisors of locations about which the Defendants have knowledge) and explaining how the alleged "tip pool" operated at these locations (#7). Defendants objected that the Interrogatories were overbroad and unduly burdensome. *Motion to Compel Exhibit 1*. Defendants still answered, and the response to Interrogatory #12 carries on for over a page, explaining in detail how the Defendants "report[], track[], and disburs[e] cash and credit card tips[.]" The objections to these Interrogatories are sound in light of the extremely broad nature of the requests, such as #5, seeking persons "responsible for deciding how individuals . . . have been compensated," which could potentially open a wide range of people, such as policymakers and negotiations with individual employees. Interrogatories #7 and #12 seek "policy and procedure" and a "process," which *Defendants answered to the best of their ability*, but are such vague, broad terms that they could encompass any number of irrelevant issues.

---

continuing discovery. These discovery requests include many that seek potentially privileged information and documents, and if that information or those documents are discovered or created as litigation continues, that objection must be preserved. Defense counsel explained to Plaintiffs' counsel in the teleconference on these discovery issues that the only documents or communications withheld based on privilege or the work product doctrine have been created since (and in response to) the inception of the litigation and relate to the litigation, and are unquestionably privileged. The parties are surely not under an obligation to create and supplement a privilege log each time counsel communicates with its client during the course of litigation. If a responsive document is discovered, and there is a question of the document's privilege, Defendants will create a privilege log.

13

Again, Defendants did answer these Interrogatories at length, but Plaintiffs' complaints seem to center on the fact that the only production of individual pay records were for the named Plaintiffs.[3] Plaintiffs present no authority to support production of the employee files, payroll records and time records of non-Plaintiff employees. The information is not necessary for Plaintiffs' motion for conditional certification and is otherwise not discoverable at this stage of litigation. *See supra*.

Plaintiffs' complaints about document requests seeking "policies" have been supplemented by discovery responses served following Plaintiffs filing the Motion to Compel. Request #6 sought "all documents identifying Hotshots' trainers[.]" Defendants objected based on the overbroad, unduly burdensome, and vague nature of the Request. *Motion to Compel Exhibit 2*. The Request, like nearly all Plaintiffs' Requests, seek "all documents," and, in particular, "all documents" that "identify[]" a "trainer," potentially encompassing each and every document that contains the name of any trainer from any "Hotshots" (as Plaintiffs have chosen to define the term). That Request is overbroad. *See, e.g.*, *Finkelstein v. Guardian Life Ins. Co. of America*, 2008 WL 2095786, at *2 (N.D.Cal. 2008) (denying motion to compel "each and every document" as "unnecessary" and overbroad). Defendants nonetheless have supplemented since this Motion was filed, over objection, to state that there is no document listing Defendants' trainers. Plaintiffs characterize Request #21 as seeking "documents related to complaints about pay issues," which is somehow even broader than the actual, already-overbroad request for all documents *from "manager or supervisor meetings"* wherein complaints regarding "pay issues, tips, tip pooling, and/or work schedules were discussed." *See Motion to Compel Exhibit 2*. This

---

[3] Plaintiffs also sought contact information for former supervisors. This information has been provided by supplemental discovery responses since the Motion to Compel was filed. Defendants have also provided verifications of the interrogatory answers.

14

lawsuit is about alleged tips and tip pooling, not about all "pay issues" or "work schedules," and that information is therefore overbroad and not likely to lead to the discovery of admissible evidence. Defense counsel specifically raised this issue by objection (*see Motion to Compel Exhibit 2*) and during the telephone conference regarding discovery disputes. Still, Defendants also supplemented the discovery response, over objection, stating that there appear to be no such documents of tips or tip pooling complaints.

Request #32 is in a class of its own, seeking "all Hotshots' document and record retention and oversight policies[.]" Defendants objected, again, to the Request's overbroad and vague nature. *Motion to Compel Exhibit 2*. There is no way to determine what an "oversight" policy is. Despite failing to meet Fed. R. Civ. P. 34(b)(1)(A)'s requirement that the Request "describe with reasonable particularity each item or category of items to be inspected," Defendants have also supplemented the discovery response since the Motion was filed, subject to valid objections of the overbroad Request, reflecting that there appear to be no responsive documents.

Request #36 seeks communications with the federal or state labor department. It is overbroad in seeking documents "regarding compliance with the FLSA or compensation of Employees." Defendants objected that the Request is overbroad. *Motion to Compel Exhibit 2*. First, the term "regarding," followed by a broad range of subjects, is forbidden in document discovery. *See Lipari v. U.S. Bancorp, NA*, 2008 WL 4642618, at *2-3 (D.Kan. Oct. 16, 2008) ("[A] discovery request is overly broad and unduly burdensome on its face if it uses an omnibus term such as 'relating to,' 'pertaining to,' or 'concerning' to modify a general category or broad range of documents or information."). The FLSA is a very large and broad statute, and this lawsuit is brought under a limited provision thereof. Plaintiffs have no need for any other communications concerning other subjects. Further, the "compensation of Employees" is, again,

15

overbroad. This lawsuit alleges violations of tip and tip pooling law, not the "compensation of Employees" as a whole. Further, Defendants did respond, and produced responsive documents, which are easily identifiable and, in fact, were identified *by Plaintiffs' counsel* during the discovery telephone conference. Following the telephone conference and a request by Plaintiffs' counsel, Defendants agreed to search again, revealing no additional documents and requiring no supplementing of the response.

### III. Plaintiffs' discovery requests concerning affirmative defenses are overbroad and contention discovery requests that require no further response at this time.

Plaintiffs' discovery requests concerning Defendants' Affirmative Defenses are textbook contention interrogatories that Defendants do not have to answer at this time, if at all. Plaintiffs present no argument in opposition to Defendants' other objections to the discovery requests, and boil them all into contention interrogatory objections.

"The term 'contention interrogatories' refers to several types of questions. They may ask another party to indicate what it contends, **to state all the facts on which it based its contentions**, to **state all the evidence on which it bases its contentions**, or to explain how the law applies to the facts. They are distinct from interrogatories that request identification of witnesses or documents that bear on the allegations." *Monsanto Co., LLC v. E.I. Du Pont De Nemours and Co.*, 2012 WL 27936, at *1-2 (E.D.Mo. Jan. 5, 2012) (quoting *In re Grand Casinos, Inc.*, 181 F.R.D. 615, 618 (D.Minn. 1998)) (emphasis added). Plaintiffs partially quote the same language in their Motion to Compel, but change its meaning by stating that "A party 'may ask another party to indicate what it contends . . .'" *Motion to Compel* at p.13. This is the *opposite* of what is permissible as a non-contention interrogatory. Discovery requests that seek these types of information *are* contention interrogatories, and "[c]ontention interrogatories need

16

not be fully answered until discovery is near completion." *Id.* at *2 (noting that contention interrogatories need not be answered until as late as two weeks prior to the dispositive motion deadline); Fed. R. Civ. P. 33(a)(2).

Plaintiffs' discovery requests here track the language of prohibited contention interrogatories. The *Monsanto* Court relies on *Helmert v. Butterball, Inc.*, 2010 WL 4537096 (E.D.Ark. Nov. 3, 2010), to identify phrases that are "commonly found in contention interrogatories." *Monsanto*, 2012 WL 27936, at *1. The following language was identified as characterizing contention interrogatories: "Set forth each and every fact, and identify each and every document, which relates to, supports, or contradicts [a particular claim, defense, or factual issue]" and "Identify all departments and job titles Plaintiffs claim are part of the certified class." *Helmert*, 2010 WL 4537096, at *2. The same standard applies to requests for production. In *Council on American-Islamic Relations Action Network, Inc. v. Schlussel*, 2012 WL 4513605, at *1-4 (E.D.Mich. Oct. 2, 2012), the defendants' document requests recited paragraphs from the complaint and asked the plaintiffs to "identify and produce a copy of each and every document/thing that Plaintiffs contend support this (claim or denial)." The Court ordered that the requests were "mindless[]" contention requests and need not be answered. *Id.* at *4. The same prohibited language from *Monsanto, Helmert*, and *Schlussel* is used in Plaintiffs' contention Interrogatories and Requests to Defendants:

- All contested Interrogatories (First Set of Interrogatories #13 and #17, Second Set of Interrogatories #1-5) use the same language: "[With respect to each and every/a particular affirmative defense] . . ., identify: (a) **all facts that you believe support the defense**, (b) **all persons whom you believe have knowledge of said facts** . . ., (c) **all documents that you believe support the defense**." *See Motion to Compel Exhibits 2 and 3*

17

(emphases added).  Numbers 2, 3 and 4 from the Second Set also seek "all legal authority you believe supports the defense," clearly seeking a legal conclusion.  *Id.* at *Exhibit 3*.

- All contested Requests for Production (First Requests for Production #16 and Second Requests for Production #1-8) use the same language: "**All documents that you believe support your affirmative defense**[, followed by the language or a summary of an affirmative defense]."  *See Motion to Compel Exhibits 2 and 4* (emphasis added).

The language exactly follows the examples of forbidden language from caselaw.  These are precisely the type of contention Interrogatories and Requests that are specifically prohibited by Courts in this and other Districts, as well as by the Federal Rules of Civil Procedure.  Plaintiffs state that the discovery requests are "narrowly tailored," but the language shows that each merely recites an affirmative defense (or asks about all affirmative defenses collectively) and asks for all facts, persons with knowledge of facts, and documents that Defendants "believe" (a/k/a contend) support the defense.  The discovery requests are not narrowly tailored.

If the Court determines that responses are required to the contention discovery requests, Defendants ask that the responses not be compelled until near the deadline for dispositive motions.

**IV.   Conclusion**

Plaintiffs' Motion to Compel relies heavily on a position that is not true.  Defendants have opposed the Motion for Conditional Class Certification on substantive grounds that Plaintiffs have never rebutted or addressed.  Plaintiffs are not entitled to the names, contact information, wage or hour information of non-Plaintiff employees prior to certification.  Plaintiffs have already filed a Motion for Conditional Class Certification, thereby showing that they do not believe they need the information to support such a motion.  The two-step

18

certification process used in this District also governs discovery of employees' information, and disclosure is not appropriate at this time. Further, Defendants <u>have</u> provided extensive narratives of Defendants' "policies," which Plaintiffs do not acknowledge, but continue to protest that they have not received the non-Plaintiff employees' information to which they are not entitled. Finally, the Interrogatories and Requests concerning Defendants' Affirmative Defenses are textbook contention discovery requests that Defendants are under no obligation to answer. Defendants therefore respectfully request that the Court DENY Plaintiffs' Motion to Compel.

                          **BLITZ, BARDGETT & DEUTSCH, L.C.**

                        By:    /s/ Jason K. Turk
                               Christopher O. Bauman, #52480MO
                               Jason K. Turk, #58606MO
                               120 South Central Ave., Ste. 1650
                               St. Louis, MO 63105
                               Telephone: (314) 863-1500
                               Facsimile: (314) 863-1877
                               cbauman@bbdlc.com
                               jturk@bbdlc.com

                               *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

      A copy of the forgoing document was electronically filed with the Clerk of this Court, this 12th day of November, 2012, to be served via the electronic filing system upon the participants on the electronic filing system list, including:

Russell C. Riggan
2000 South 8th St.
St. Louis, Missouri 63104
Phone: (314) 771-5555
Fax: (314) 735-1054
russ@rigganlawfirm.com

Cyrus Dashtaki
5201 Hampton Ave.
St. Louis, Missouri 63109
Phone: (314) 832-9600
Fax: (314) 353-0181
cyrus@dashtaki.com

*Attorneys for Plaintiffs*

                                                            /s/ Jason K. Turk