UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THELMA WHITE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:12CV469 JAR |
| ) | |
| 14051 MANCHESTER, INC. d/b/a ) | |
| HOTSHOTS SPORTS BAR & GRILL, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Combined Motion to Conditionally Certify Class, Order Disclosure of Putative Class Members' Names and Contact Information, and to Facilitate Class Notice, and Memorandum in Support ("Motion") (ECF No. 44) and Plaintiffs' Motion to Compel (ECF No. 58). These motions are fully briefed and ready for disposition.

**BACKGROUND**

Plaintiffs Thelma White and Nicole Carroll ("Plaintiffs") were employed by Hotshots as servers and/or bartenders at multiple Hotshots locations in the St. Louis area. As tipped employees, Plaintiffs were paid an hourly rate under minimum wage, as well as a portion of the tips paid to them by customers.

Plaintiffs allege that they were required to participate in a "tip pool," whereby tipped employees shared tips with other "back of the house" or non-tipped employees. Specifically, servers and bartenders were required to pay the doorman at least $5.00 per shift and to pay a portion of their tips to cooks and dishwashers. Plaintiffs assert that this tip-pooling policy was in effect and applied uniformly throughout all of the Hotshots locations.

Plaintiffs filed a Complaint on March 14, 2012, alleging claims for Violation of the Fair Labor Standards Act of 1938 (Count I) and Violations of the Missouri Minimum Wage Law, §290.500, et seq. (Count II).

## DISCUSSION

### I. Motion for Conditional Class Certification

On June 15, 2012, Plaintiffs filed the instant Motion for Conditional Class Certification. Plaintiffs identify the putative class as Hotshots employees who have worked as tipped employees or participated in a tip pool at any of the Hotshots locations at any time during the last three years. (ECF No. 44-4). Defendants oppose certifying the instant case as a conditional collective action because they assert that they do not control the Hotshots franchise locations. Defendants also claim that the proposed notice to putative class members does not comply with the FLSA and collective action procedures.

Section 7 of the FLSA mandates that an employer may not subject non-exempt employees to a work week in excess of forty hours, unless the employee is compensated for his or her overtime with additional pay of at least one and one-half times his or her regular hourly wage. 29 U.S.C. § 207. A collective action under the FLSA to recover overtime compensation and liquidated damages may be maintained, "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Unlike a Rule 23 class action, a collective action under the FLSA is pursued on an opt-in basis, requiring employees to provide their consent in writing to join the action. 29 U.S.C. § 216(b); Ford v. Townsends of Arkansas, Inc., No. 4:08cv509, 2010 U.S. Dist. Lexis 46093, at *8 (E.D. Ark. Apr. 9, 2010).

District courts within the Eighth Circuit conduct a two-step analysis to determine whether employees are "similarly situated." Beasley v. GC Services LP, 270 F.R.D. 442, 444 (E.D. Mo. 2010); Littlefield v. Dealer Warranty Services, LLC, 679 F.Supp.2d 1014, 1016 (E.D. Mo. 2010);

Ford, 2010 U.S. Dist. Lexis 46093, at *8. "Under this two-step process, the plaintiff first moves for class certification for notice purposes." Dernovish v. AT&T Operations, Inc., No. 09-0015, 2010 U.S. Dist. LEXIS 2127, at *3 (W.D. Mo. Jan. 12, 2010)(internal quotations and citation omitted). "The plaintiff's motion for certification is typically filed at an early stage of the litigation thus requiring a lenient evaluation standard and typically resulting in conditional certification of a representative class." Kautsch v. Premier Communications, 504 F.Supp.2d 685, 688 (W.D. Mo. 2007) (citations omitted). The Court does not reach the merits of the plaintiff's claims at this early stage of litigation. Id. If the Court conditionally certifies the class, the potential class members are given notice and the opportunity to opt-in. Dernovish, 2010 U.S. Dist. LEXIS 2127, at *3.

The second step of the process occurs when the defendant moves to decertify the class. Ford, 2010 U.S. Dist. Lexis 46093, at *9; Beasley, 270 F.R.D. at 444; Dernovish, 2010 U.S. Dist. LEXIS 2127, at *3. This typically is done after the close of discovery, when the Court has much more information and is able to make a more informed decision. Id. "At that time, applying a stricter standard, the court makes a factual determination on the similarly situated question." Garner v. Regis Corp., No. 03-5037, 2004 U.S. Dist. LEXIS 29167, at *6 (W.D. Mo. Aug. 5, 2004)(citation omitted). "Courts will consider three factors at the second stage: (1) the employment and factual settings of the plaintiffs; (2) the various defenses available to the defendants; and (3) considerations of fairness, procedure, and manageability." Ford, 2010 U.S. Dist. LEXIS, at *9 (internal quotation omitted). "If the claims are not similarly situated, the Court decertifies that class and the opt-in plaintiffs are dismissed without prejudice." Garner, 2004 U.S. Dist. LEXIS 29167, at *6 (citation omitted).

For the first step of the process, the FLSA does not define the term "similarly situated." Kautsch, 504 F.Supp.2d at 689; Garner, 2004 U.S. Dist. LEXIS 29167, at *5. Courts agree that a plaintiff's burden at the first stage of the process is not onerous, however, and "plaintiffs can meet

this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Kautsch, 504 F.Supp.2d at 689 (citations omitted); see also Ford, 2010 U.S. Dist. Lexis 46093, at *8 ("A class is similarly situated at this stage if plaintiffs make a modest factual showing, based upon the pleadings and affidavits, that the proposed class members were victims of a single decision, policy, or plan."); Dernovish, 2010 U.S. Dist. LEXIS 2127, *3-4 ("There is no need to show that the would-be members of the class are actually similarly situated or that they are identical, but the plaintiff must present some evidence to demonstrate the class members are similar in important respects and are subjected to similar policies or circumstances."). A plaintiff may meet this burden by "detailed allegations supported by affidavits." Kautsch, 504 F.Supp.2d at 689 (citation omitted).

Upon consideration and as discussed herein, the Court finds that, given the lenient notice standard, Plaintiffs have met their burden to show conditional certification is proper. Kautsch, 504 F.Supp.2d at 690. Hotshots' purported policy requiring tipped employees to share their tips with untipped "back of the house" employees violates the FLSA. Plaintiffs specifically allege that they, and other similarly situated employees, were denied compensation as a result of this policy. Cf. Wacker v. Pers. Touch Home Care, Inc., No. 4:08CV93, 2008 U.S. Dist. LEXIS 101079, at *10 (E.D. Mo. Nov. 6, 2008)(denying certification where the plaintiff failed to testify that he was denied compensation). Finally, while Hotshots maintains that Plaintiffs are not similarly situated to employees of other locations and/or franchise locations, the Court finds these assertions go to the merits of the case, and are not grounds for denying conditional certification of the class. Kautsch, 504 F. Supp. 2d at 690, n.2.

    **A.**    **Similarly Situated**

As an initial matter, Defendants argue that conditional class certification is improper because the putative class members were not employees of a common employer. (Response, pp. 3-5).

Defendants contend that Plaintiffs cannot meet the burden for conditional class certification because the putative class includes employees of three independently owned and operated franchise Hotshots locations that are not controlled by the Defendants named in this lawsuit. (Id., p. 3). Defendants assert that they cannot produce the names and contact information for employees at the franchise locations--Cape Girardeau, Arnold and Florissant, Missouri--that they do not control. (Id., pp. 3-4).[1] Defendants acknowledge that "[o]ne or more employees of a Defendant Hotshots location assists with opening franchise Hotshots locations, but Defendants' employees are otherwise uninvolved in the day-to-day operations of the franchise Hotshots locations." (Id., p. 4). Defendants assert that they do not train the franchise locations about tip pooling, and the "trainers" are not paid by the franchise location. (Id., p. 4). Defendants also contend that tipped employees from Defendant Hotshots locations are not "floated" between Defendant Hotshots locations and franchise locations. (Id., pp. 4-5). In addition, Defendants note that two of the franchise locations, Arnold and Cape Girardeau, opened after both Plaintiffs' employment ended. Accordingly, Defendants assert that the franchise employees are not similarly situated to the Defendant Hotshots' employees.

Finally, Defendants contend that the definition of the class should include only those Hotshots employees who have worked as tipped employees at any of those Hotshots locations at any time during the last three years. (Response, p. 6).[2] Defendants state that Plaintiffs' proposed class of all persons who shared in any tip pool and all those employees for whom Hotshots claimed a tip credit under the FLSA is improper. Defendants assert that Plaintiffs' definition overly expands the

---

[1] In fact, Plaintiffs allege in their Second Amended Compliant that the Cape Girardeau location is owned and operated by Breakaway Bar & Billiards, Inc. ("Breakaway"). (Response, p. 6). Breakaway, however, has not been served with the Complaint and no one has entered on its behalf. Id.

[2] The Court notes that, in a separate section, Defendants assert that this time period should be two, not three, years.

- 5 -

class and includes employees, such as back of the house employees, who are not "similarly situated" to Plaintiffs.

In response, Plaintiffs dispute that Defendants have no control over who works at the franchise locations. (Reply, p. 3). Plaintiffs cite to their declarations, wherein they state that they knew of managers that worked at several locations, including the Cape Girardeau location. (ECF Nos. 44-2, ¶9; 44-3, ¶12). Likewise, Julie Volmert attested that one or more employees of Hotshots assist with opening the franchise locations. (Reply, p. 3). Plaintiffs claim that evidence that Defendants sent managers to open the franchise locations demonstrates their control over such locations and belies Defendants' claim that they have no relationship with the franchise locations.

Plaintiffs also assert that employees of the Arnold and Florissant, Missouri locations are similarly situated even though those locations did not open until after Plaintiffs' employment was terminated. (Reply, p. 3). Plaintiffs contend that whether or not the employment of the named plaintiffs and other putative class members overlaps is not determinative of whether those employees were all victims of a single decision, policy or plan. (Reply, pp. 3-4 (citing cases)).

In addition, Plaintiffs contend that the scope of the putative class should be all employees who shared in any tip pool, including back of the house employees. (Reply, p. 4). Plaintiffs claim that cooks, dishwashers, and other non-server/bartender employees at Hotshots who were required to participate in the unlawful tip pool and for whom Hotshots claimed a tip credit against the minimum wage are all victims of the same policy or plan. (Id.). That is, the back of the house employees, like the servers and bartenders, were part of an involuntary and invalid tip pool, and, therefore, were underpaid in violation of the FLSA. (Id.).

The Supreme Court has noted that whether a relationship is covered by the FLSA turns on the economic realities of the working relationship rather than technical definitions relating to employment. Goldberg v. Whitaker House Coop., Inc., 366 U.S. 28, 33, 81 S. Ct. 933, 6 L. Ed. 2d

100 (1961).  The FLSA defines "employee" broadly to include "any individual employed by an employer."  29 U.S.C. §203(e)(1)(2006).  In turn, "employ" is defined as "to suffer or permit to work"  29 U.S.C. §203(g), and an "employer" is any person "acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. §203(d).  "Thus, based on the language of the statute, an employee is any individual who is permitted to work by one acting directly or indirectly in the interest of an employer."  Helmert v. Butterball, LLC, No. 4:08CV00342, 2010 U.S. Dist. LEXIS 28964, at *6 (E.D. Ark. Mar. 5, 2010); see also Nicholson v. UTi Worldwide, Inc., No. 3:09-cv-722, 2011 U.S. Dist. LEXIS 41886, at *3 (S.D. Ill. Apr. 18, 2011)(conditionally certifying class of "forklift operators employed" by defendant that included workers hired through temporary staffing agencies).

The Court finds that, for purposes of this Motion, Defendants "permitted or suffered to work" all Hotshots employees, even those at the franchise locations.  Given the FLSA's broad definition of the "employee" and its remedial purpose, Defendants' franchise arrangement demonstrates sufficient "control" for conditional class certification.  Moreover, the employment relationship for franchise employees is disputed by the Plaintiffs, and the Court cannot make credibility determinations at this juncture.  See Arnold v. DirecTv, Inc., No. 4:10-CV-352-JAR, 2012 U.S. Dist. LEXIS 140777, at *8 (E.D. Mo. Sept. 28, 2012)("The Court will not make any credibility determinations or findings of fact with respect to contradictory evidence presented by the parties at this initial stage.").

The Court also finds that the proper class definition is all Hotshots employees who shared in any tip pool.  Employees who participated in the tip pool were allegedly victims of the same policy or plan and denied compensation as a result of the tip-pooling arrangement.  While the Court acknowledges that distinctions exist among the Hotshot's teams and locations, Plaintiffs' affidavits provide enough evidence at this stage to demonstrate employees were similarly situated and subject

to a common practice. McCauley, 2010 U.S. Dist. LEXIS 91375, at *12-13 (citing Busler v. Enersys Energy Products, Inc., No. 09-00159, 2009 U.S. Dist. LEXIS 84500, at *9-10, 2009 WL 2998970 at *3 (W.D. Mo. Sep. 16, 2009)); see also Fast v. Applebee's Intern., Inc., 243 F.R.D. 360, 363-64 (W.D. Mo. 2007) (citations omitted) ("To be similarly situated, however, class members need not be identically situated. The 'similarly situated' threshold requires only a modest factual showing."); Schleipfer v. Mitek Corp., No. 1:06CV109, 2007 U.S. Dist. LEXIS 64042, at *9 (E.D. Mo. Aug. 29, 2007)(class members need not be identically situated). "[A]rguments concerning the individualized inquiries required and the merits of Plaintiffs' claims are inappropriate at this stage of the proceeding and can be raised before the Court at the second, or decertification, stage." Dominquez v. Minn. Beef Indus., No. 06-1002, 2007 U.S. Dist. LEXIS 61298, at *10 (D. Minn. Aug. 21, 2007)(internal quotation omitted).

### B.     Proposed Notice

"The FLSA requires that notice to potential plaintiffs be 'accurate and timely,' so that potential plaintiffs 'can make informed decisions about whether to participate.'" Martinez v. Cargill Meat Solutions, 265 F.R.D. 490, 499 (D. Neb. 2009). "District courts have the authority to manage the cases before them, and as part of that authority, the court supervises the notification process for 'opt-in' collective actions." Id. (citing Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 170, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989)). "At the same time, the court must be cautious to avoid endorsing, or appearing to endorse, the merits of the underlying claim." Littlefield, 679 F. Supp. 2d at 1018 (citation omitted). "Finally, the court should not alter plaintiff's proposed notice, unless certain changes are necessary." Id. (citing Creten-Miller v. Westlake Hardware, Inc., No. 08-2351-KHV, 2009 U.S. Dist. LEXIS 60393, at *5 (D. Kan. July 15, 2009)).

Defendants suggest several changes to the proposed notice and notice procedure. Plaintiffs oppose any changes because such changes are not "necessary." (Reply, p. 5). See King v. ITT

- 8 -

Continental Baking Co., No. 84 C 3410, 1986 U.S. Dist. LEXIS 29321, at *7 (N.D. Ill. Feb. 13, 1986)("although the Court has both the power and the duty to ensure that the notice is fair and accurate, that power should not be used to alter plaintiffs' proposed notice unless such alteration is necessary").

        1.        Third-Party Administrator

Defendants maintain that Plaintiffs' proposed notice improperly solicits members, instead of simply notifying them of the litigation. Defendants contend that the notice improperly mentions the Plaintiffs' counsel several times and identifies counsel as the point of contact for any questions about the litigation. (Response, pp. 8-9). Defendants contend that Plaintiffs' solicitations and "unfettered access" to putative plaintiffs could be avoided by appointing a third-party administrator, at Plaintiffs' expense, to handle the notice.[3]

Plaintiffs argue that use of a third-party administrator is improper and inconsistent with the case law of this Court. Plaintiffs note that Defendants cite to no law to support appointing a third-party administrator to handle the notice procedure. (Reply, p. 5). Plaintiffs maintain that "the notice represents not an official communication from the Court, but is instead a communication from the plaintiff and plaintiffs' counsel to other prospective class members." Reply, pp. 5-6 (citing King, 1986 U.S. Dist. LEXIS 29321, at *6-7). Plaintiffs note that this Court rejected the use of a neutral

---

[3]In a footnote, Defendants also object to the use of pre-paid return envelopes that contain the name and contact information of Plaintiffs' counsel. Defendants contend that such envelopes amount to solicitation and should not be permitted. (Response, p. 9)(citing Fortna v. QC Holdings, Inc., No. 06-CV-0016-CVE-PJC, 2006 WL 2385303, at *2 (N.D. Okla. Aug. 17, 2006)). The Forna court, however, did not make a ruling that postage pre-paid envelopes were improper. Rather, plaintiff's counsel did not respond to defendant's objection and the Court "authorize[d] plaintiff to mail a return envelope, without paid postage, with his consent forms to all potential class members." Because the Court does not consider them to be solicitation, Plaintiffs may provide postage pre-paid envelopes.

- 9 -

administrator to issue the notice. Reply, p. 6; Littlefield, 679 F. Supp. 2d at 1018 (citing Ruggles v. Wellpoint, Inc., 591 F. Supp. 2d 150, 163 (N.D.N.Y. 2008)).

The Court finds that the proposed notice does not constitute improper solicitation of potential class plaintiffs. Because Defendants have not demonstrated a need to deviate from the approved and customary method, Plaintiffs' counsel can provide notice to the putative class members.

        2.     Cost

Defendants assert that Plaintiffs should bear the cost of notifying the putative plaintiff class members. Defendants contend that Plaintiffs have not made any showing that Defendants would be able to notify the putative plaintiff class with less difficulty or expense than Plaintiffs. Therefore, Plaintiffs should pay the expense of notice. (Response, pp. 7-8). Plaintiffs agree that they should bear the cost of administrating the notice, unless such cost includes the use of a third-party administrator. (Reply, p. 7). Because the Court has declined to require the use of a neutral administrator, Plaintiffs shall pay the cost of notifying potential class members.

        3.     Employees' Contact Information

Plaintiffs ask the Court to order Defendants to provide "the putative class members' names, addresses, phone numbers, e-mail addresses, dates of employment, and location(s) of employment in a readable electronic format of the class to facilitate notice to potential plaintiffs of this pending lawsuit."

Defendants contend that Plaintiffs and their counsel should not be permitted to have this information prior to the termination of the of the opt-in period because of the prohibition against contacting putative plaintiffs. (Response, p. 10). Defendants again assert that a neutral third party administrator should handle providing notice to potential class members.

"To insure that potential plaintiffs receive 'accurate and timely' notice, courts frequently order the defendant to disclose the names of potential plaintiffs to plaintiffs' attorneys." Littlefield,

679 F. Supp. 2d at 1018 (citing Martinez, 265 F.R.D. at 499; Fast, 243 F.R.D. at 364; Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 101, 108 (S.D.N.Y. 2003)). Defendants shall provide a list of all putative class members' names, addresses, e-mail addresses, and dates of employment and locations in a readable electronic format. The Court, however, will not order Defendants to provide potential plaintiffs' telephone numbers because such information is not necessary to provide notice of the litigation. See Littlefield, 679 F. Supp. 2d at 1018-19 (denying request to provide employees' personal telephone numbers or social security numbers); Martinez, 265 F.R.D. at 501 (denying plaintiffs' request for personal phone numbers and social security numbers); Houston v. URS Corp., 591 F. Supp. 2d 827, 836 (E.D. Va. 2008) (denying plaintiffs' request for personal phone numbers).

        4.       Three Year Period

In the Second Amended Complaint, Plaintiffs seek to include in the putative class all similarly situated persons employed by Defendants within the last three years. (Second Amended Complaint, ECF No. 43, ¶36). Under the FLSA, a cause of action "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. §255(a).

Defendants argue that Plaintiffs have made no showing of willfulness, which is required to commence a cause of action with a three year statute of limitations. (Response, p. 11). Defendants contend that Plaintiffs have not alleged that Defendants recklessly disregarded whether tip pooling was prohibited was the FLSA. (Id.). Likewise, Defendants assert that "Plaintiffs made no allegation that there was ever a complaint, to any regulatory authority or to any Hotshots supervisor, about the alleged tip pooling practice." (Id.).

Plaintiffs allege that Defendants violated the FLSA "knowingly, willfully, and with reckless disregard of applicable law." (Second Amended Complaint, ¶54). Moreover, Plaintiffs White and Carroll both attested that they have worked in the restaurant business for over a decade, but have never been required to share tips with back of the house employees previously. (ECF Nos. 44-2, ¶18; 44-3, ¶19). Plaintiffs assert this is evidence that Defendants "either knew or showed reckless disregard that its [sic] tip pooling policy was prohibited by the FLSA." (Reply, p. 9).

"Whether a violation is willful is an issue of fact, often addressed during summary judgment or at trial." Littlefield, 679 F. Supp. 2d at 1019 (citing Houston, 591 F. Supp. 2d at 835). "In addition, judicial economy is served by conditionally certifying a larger, more inclusive class, at this stage in the proceedings." Id. Accordingly, the Court will conditionally certify a class with a three-year period statute of limitations.

4. Potential Costs to Putative Plaintiffs

Defendants maintain that putative plaintiffs should be informed of the potential costs that joining the litigation may bring. First, Defendants claim that the notice is not specific enough about counsel's fee arrangement because it merely states that counsel has taken the case "on a contingency basis" and may be entitled to attorneys' fees. (Response, p. 12). Defendants contend that the notice should detail the percentage of recovery that counsel seeks, along with any costs or fees that may be deducted from Plaintiffs' recovery. (Id., p. 13). Defendants also contend that potential plaintiffs should be informed that they could be liable for litigation costs and potential counterclaims. (Id.). Likewise, the notice should tell potential plaintiffs that they may have to travel to participate in discovery and/or the trial. (Id., p. 14).

The Court previously indicated that it would not include language regarding potential costs and expenses that may be assessed against a plaintiff in the notice to putative plaintiffs. See Ondes v. Monsanto Co., No. 4:11CV197 JAR, 2012 U.S. Dist. LEXIS 2596, at *7 (E.D. Mo. Jan. 10,

2012)(noting that including a warning about potential costs in the class notice could have a "chilling effect" on potential plaintiffs participating in FLSA actions and that it is unclear whether prevailing defendants in FLSA actions are entitled to costs); see also Chapman v. Hy-Vee, Inc., No. 10-CV-6128-W-HFS, 2012 U.S. Dist. LEXIS 43829, at *10 (W.D. Mo. Mar. 29, 2012)("It has been repeatedly held, and continues to rule in this case that no mention will be made regarding any possibility that plaintiffs could be liable for defendant's costs should defendant prevail."); Littlefield, 679 F. Supp. 2d at 1019 (denying defendant's request that the notice inform plaintiffs of possible costs "[b]ecause this notice might discourage plaintiffs from joining the litigation"). Similarly, the Court will not require the notice to outline the percentage fees that counsel could receive upon resolution of the lawsuit. The notice adequately and accurately states that plaintiffs' counsel is being paid on a contingency basis. Finally, the Court does not find a basis for warning potential plaintiffs that they could be required to travel to participate in this litigation. The Hotshots locations are all located within this District. Thus, the travel costs to potential plaintiffs would be minimal.

        5.        Consent Period

In the proposed notice, Plaintiffs ask for class members to submit their consent forms within ninety days. Defendants ask to shorten this time period to sixty days. Defendants claim that ninety days is "excessive" and "inconsistent with the Case Management Order."

The Court has previously found a ninety notice period to be acceptable and does not find it to be inconsistent with the Case Management Order. See, e.g., Ondes v. Monsanto Co., No. 4:11CV197 JAR, 2012 U.S. Dist. LEXIS 2596, at *14 (E.D. Mo. Jan. 10, 2012)(adopting a 90 day notice period).

        6.        Notice Posted in Breakrooms or in Paychecks

Plaintiffs seek to notify potential plaintiffs of the litigation by means of (1) mailing and emailing the notice, (2) posting the notice in breakrooms at Defendants' locations, and (3) providing

the notice in employees' paychecks. (Motion, p. 13). Defendants assert that Plaintiffs are not entitled to have notice included in paychecks when notice is achieved by other means. (Response, p. 14). Defendants claim that notification by mail is sufficient and additional notification in paychecks is inappropriate. (Id.). Plaintiffs, however, contend that notice should be sent via mail, email and also in paychecks in order to reach the largest number of potential class members. (Reply, p. 13).

What constitutes fair and proper notice is determined based on the facts of each case. Denney v. Lester's, LLC, No. 4:12CV377 JCH, 2012 U.S. Dist. LEXIS 125560, at *10 (E.D. Mo. Sept. 5, 2012). Here, the Court finds fair and proper notice to putative plaintiffs will be accomplished by regular mail, electronic mail, and postings in Defendants' break rooms, but not in employees' paychecks.[4] See Putnam v. Galaxy 1 Mktg., 276 F.R.D. 264, 277-78 (S.D. Iowa 2011)(noting that "courts routinely approve requests to post notice in common areas or on employee bulletin boards, even if there is an alternative form of notice" but denying plaintiffs' request to notify the putative class via insertions in employees' paycheck envelopes). The Court believes that these methods will allow the greatest number of potential class members to receive notice, without any redundancy. See Kautsch, 504 F. Supp.2d at 690 ("At this stage of the litigation, justice is most readily served by notice reaching the largest number of potential plaintiffs."); Perrin v. Papa John's Int'l, Inc., No. 4:09CV01335, 2011 U.S. Dist. LEXIS 117046, at *5 (E.D. Mo. Oct. 11, 2011)(same).

**II.    Motion to Compel**

In the Motion to Compel, Plaintiffs move to compel responses to their discovery requests. Defendants object to these discovery requests based upon three primary reasons. First, Defendants assert that the requested class information was premature, given that the Court had not conditionally

---

[4]Defendants do not address posting the notice in the breakrooms, although Plaintiffs request that type of notice. See Motion, p. 13.

certified the class. (ECF No. 64, pp. 2-12). Because the Court has conditionally certified the class, Defendants' objections are moot. The Court orders Defendants to supplement their discovery responses by December 17, 2012.

Second, Defendants contend that they have answered Plaintiffs' discovery requests regarding "policies and practices." (ECF No. 64, pp. 13-16). Plaintiffs object that these discovery responses are incomplete, largely based upon the position that Defendants "will only answer these interrogatories and requests regarding the two named Plaintiffs." (ECF No. 66, p. 5). Because the Court has granted conditional class certification, Defendants shall supplement their discovery responses regarding "policies and practices" by December 17, 2012.

Third, Defendants assert that they are not required to answer discovery requests regarding their affirmative defenses. The following discovery responses are at issue: Interrogatory Nos. 13 and 17 of Defendants' Answers to Plaintiffs' First Set of Interrogatories; Interrogatories Nos. 1-5 of Defendants' Answers to Plaintiffs' Second Set of Interrogatories; Request No. 16 of Defendants' Responses to Plaintiffs' First Request for Production of Documents; and Request Nos. 1-8 of Defendants' Second Request for Production of Documents.

Defendants contend that they are not required to answer these discovery requests because they are "contention" interrogatories and requests for production. "Contention interrogatories ... may ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all the evidence on which it bases its contentions, or to explain how the law applies to the facts." Monsanto Co. v. E.I. du Pont de Nemours & Co., No. 4:09CV00686 ERW, 2012 U.S. Dist. LEXIS 1277, at *10 (E.D. Mo. Jan. 5, 2012)(citing In re Grand Casinos, Sec. Litig., 181 F.R.D. 615, 618 (D. Minn. 1998)(emphasis in original)). Contention interrogatories "are distinct from interrogatories that request identification of witnesses or documents that bear on the allegations." Id. "Contention interrogatories need not be fully answered until discovery is near

completion." Monsanto Co., 2012 U.S. Dist. LEXIS 1277, at *10 (citing Coleman v. Dental Org. for Conscious Sedation, 2011 U.S. Dist. LEXIS 69897, 2011 WL 2600407 (E.D. Mo. June 29, 2011)).

The Court finds that Plaintiffs are entitled to information related to any facts now known to Defendants that support their affirmative defenses.  If such facts are not available at this time, then Defendants may supplement their responses later.  To the extent that these discovery responses seek privileged information or legal conclusions, the Court sustains Defendants' objections.

Finally, Defendants must sign or verify their interrogatory responses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Combined Motion to Conditionally Certify Class, Order Disclosure of Putative Class Members' Names and Contact Information, and to Facilitate Class Notice, and Memorandum in Support [44] is **GRANTED**, in part, and the Court conditionally certifies a class of all current and former hourly-paid employees of Hotshots who shared in any tip pool for the period of three (3) years from the date of mailing notice.

**IT IS FURTHER ORDERED** that Plaintiffs Thelma White and Nicole Carroll conditionally are authorized to act as class representatives.

**IT IS FURTHER ORDERED** that Riggan Law Firm, LLC and Dashtaki Law Firm, LLC are authorized to act as class counsel.

**IT IS FURTHER ORDERED** that the notice attached as Exhibit 44-4 to the Plaintiffs' Motion shall serve as notice in this case.

**IT IS FURTHER ORDERED** that Defendants shall provide Plaintiffs' attorneys with the names and current or last known mailing and email addresses of all employees who may be potential plaintiffs in this suit on or before **December 17, 2012**.

**IT IS FURTHER ORDERED** that Plaintiffs shall mail and email the notice and Defendants shall post the notice in the breakrooms no later than **January 17, 2013**.  That notice shall remain in the breakrooms for ninety (90) days.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Compel is **DENIED**, in part, and **GRANTED**, in part, as outlined above.  Defendants shall supplement their discovery responses by **December 17, 2012**.

Dated this 30th day of November, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE