UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THELMA WHITE, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 4:12CV469 JAR |
| 14051 MANCHESTER, INC. d/b/a HOTSHOTS SPORTS BAR & GRILL, et al., | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Modify Memorandum and Order of Conditional Class Certification and Motion for Additional Time to Comply with Court Order ("Motion"; ECF No. 70). This matter is fully briefed and ready for disposition.

On November 30, 2012, the Court issued an Order granting conditional class certification of all current and former hourly-paid employees of Hotshots who shared in any tip pool for the period of three (3) years from the date of mailing notice. (ECF No. 68). The Court also ordered Defendants to provide Plaintiffs' attorneys with the names and current or last known mailing and email addresses of all employees who may be potential plaintiffs in this suit on or before December 17, 2012.

In the Motion, Defendants assert that the franchisee locations should not be part of the conditionally certified class. (Defendants' Memorandum in Support of Their Motion to Modify Memorandum and Order of Conditional Class Certification and Motion for Additional Time to Comply with Court Order, ECF No. 71, pp. 6-9). Defendants also maintain that they cannot comply with this Court's Order because they do not have information for employees of non-party, franchisee locations in Arnold, Cape Girardeau, and Florissant, Missouri. Plaintiffs have not made the

franchisees parties to this lawsuit.[1] (Id., pp. 2-5). Defendants contend that they cannot produce information from a non-party.

In Response, Plaintiffs argue this Court held that Defendants permitted or suffered to work all Hotshots employees, even those at franchisee locations. (Plaintiffs' Memorandum in Opposition of Defendants' Motion to Modify Memorandum and Order of Conditional Class Certification and Motion for Additional Time to Comply with Court Order, ECF No. 73, p. 4). Plaintiffs contend that Defendants' Motion essentially asks for a "do over" of the Court's conditional class certification Order. (Id., p. 5).

The Court first notes that Defendants do not object to producing documents related to the eight non-franchisee locations. In fact, Defendants represent to the Court that they have produced information for class members who are or were employees of the non-franchisee locations. (Defendants' Reply Memorandum in Support of Their Motion to Modify Memorandum and Order of Conditional Class Certification and Motion for Additional Time to Comply with Court Order, ECF No. 74, p. 3).

The Court finds Defendants' objection to producing documents related to franchisee employees to be well-taken. The Court previously found that Defendants permitted or suffered to work the franchisee employees, but that is a separate inquiry from whether Defendants can be compelled to produce the franchisee employees' information. Plaintiffs have chosen not to include these franchisee locations as defendants in this lawsuit. As noted by Defendants, "[p]roduction of documents from a non-party can be compelled only by subpoena issued under Fed.R.Civ.P.

---

[1] Plaintiffs named one of the franchise locations, Breakaway Bar & Billiards, Inc. ("Breakaway") in their Second Amended Complaint, but failed to serve Breakaway. On November 15, 2012, the Court issued a show cause order regarding Plaintiffs' failure to serve Breakaway, but Plaintiffs did not respond to the show cause order. (ECF No. 65). The Court issues an order dismissing Breakaway on this same date.

45(d)(1)." Grace v. Hakala, No. 1:11CV81 LMB, 2012 U.S. Dist. LEXIS 82515, at *8 (E.D. Mo. June 14, 2012)(citing Fisher v. Marubeni Cotton Corp., 526 F.2d 1338, 1341 (8th Cir. 1975)). Thus, while the franchisee employees may be part of the conditional class certified by this Court, the Court cannot require Defendants to produce franchisee employees' information as part of its conditional class certification order. The Court can only compel employee information from the nonparty franchisee locations pursuant to the Court's power under Fed.R.Civ.P. 45.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Modify Memorandum and Order of Conditional Class Certification and Motion for Additional Time to Comply with Court Order [70] is **GRANTED**, in part.

**IT IS FURTHER ORDERED** that the Court conditionally certifies a class of all current and former hourly-paid employees of Hotshots who shared in any tip pool for the period of three (3) years from the date of mailing notice.

**IT IS FURTHER ORDERED** that Plaintiffs Thelma White and Nicole Carroll conditionally are authorized to act as class representatives.

**IT IS FURTHER ORDERED** that Riggan Law Firm, LLC and Dashtaki Law Firm, LLC are authorized to act as class counsel.

**IT IS FURTHER ORDERED** that the notice attached as Exhibit 44-4 to the Plaintiffs' Motion shall serve as notice in this case.

**IT IS FURTHER ORDERED** that Defendants shall provide Plaintiffs' attorneys with the names and current or last known mailing and email addresses of all non-franchisee employees who may be potential plaintiffs in this suit on or before **December 17, 2012**.

**IT IS FURTHER ORDERED** that Plaintiffs shall mail and email the notice and Defendants shall post the notice in the breakrooms of all non-franchisee locations no later than **January 17, 2013**.  That notice shall remain in the breakrooms for ninety (90) days.

**IT IS FINALLY ORDERED** that, to the extent that Plaintiffs seek information related to franchisee employees, Plaintiffs' Motion to Compel [58] is **DENIED**.  Defendants are not required to respond to discovery requests regarding franchisee employees.

Dated this 18th day of December, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE