UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| THELMA WHITE and NICOLE CARROLL, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 4:12-CV-469 JAR |
| v. | ) ) ) | |
| 14051 MANCHESTER, INC. d/b/a HOTSHOTS SPORTS | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Protective Order. (ECF No. 105). In their Motion, Plaintiffs ask for a protective order limiting the scope of discovery which Defendants may propound on the opt-in Plaintiffs in the FLSA collective action and the opt-out Plaintiffs in the Rule 23 class action. For the reasons stated herein, the Court denies Plaintiffs' Motion.

On March 13, 2013, Defendants served their First Set of Interrogatories on and First Request for Production of Documents Directed to Plaintiffs. "Plaintiffs" is defined to include "each and every, or any, putative or conditional class member and any of each such person's representatives or agents." Plaintiffs' counsel interprets this written discovery as being directed towards the lead/representative Plaintiffs Thelma White and Nicole Carroll, in addition to over 50 individuals who have opted-in to the FLSA collective action and to the approximately 800 members of the two Rule 23 classes under Missouri and Illinois state law.

Plaintiffs contend that individualized discovery of opt-in plaintiffs is not permitted pursuant to Fast v. Applebee's Int'l, Inc., 06-4146-CV-C-NKL, 2008 WL 5432288 (W.D. Mo. Dec. 31, 2008).  The Fast court advised that "any such discovery must satisfy the following requirements: 1) The discovery is not being sought for the purpose of depriving the opt-in plaintiff of his or her class status; 2) the discovery is simple enough that it does not require the assistance of counsel to answer; 3) the discovery meets the standards of Federal Rule of Civil Procedure 26; and 4) the information is not otherwise available to the defendant."  Id. at *2. Plaintiffs assert that the discovery requests are "impossible for any normal person to answer and [the] time-consuming assistance of counsel is required."  (ECF No. 106, p. 5).  As in Fast, Plaintiffs contend that the discovery in this case is sought to "as a tool to limit or discourage participation in the opt-in class and to advance the efficiency and cost containment objectives of a FLSA actions."  2008 WL 5432288, at *2.

As a compromise, Plaintiffs offer that the two named Plaintiffs would provide full responses to Defendants' discovery requests and that a 15% random sampling of the opt-in Plaintiffs would provide responses to a "simple questionnaire" that would not require the assistance of counsel.  (ECF No. 105, p. 3; ECF No. 105-3).  Plaintiffs contend that any additional discovery would be "overbroad, unduly burdensome, and inconsistent with the well-established notion that representative discovery is followed in FLSA cases." (ECF No. 105, p. 2, n.1).

In opposition, Defendants assert that they are entitled to individualized discovery because Plaintiffs' opt-in class is so small that it is not a burden for the class members to answer the requests. (ECF No. 109, p. 1).  Defendants also contend that Plaintiffs' questionnaire proposal is inadequate because 15%, or ten class members, is not statistically significant and the answers to

the proposed questionnaire prohibit Defendants from acquiring any substantive facts. (Id., p. 2). Defendants note that "in an FLSA collective action where the plaintiff class is small and the discovery is related to the question of whether the individual plaintiffs are similarly situated within the meaning of the FLSA, individualized discovery is often permitted." Id., p. 4 (quoting Daniel v. Quail Int'l, Inc., 3:07-CV-53 (CDL), 2010 WL 55941, at *1 (M.D. Ga. Jan. 5, 2010)); Ingersoll v. Royal & Sunalliance USA, Inc., No. C05–1774–MAT, 2006 WL 2091097, at *2 (W.D.Wash. July 25, 2006) (approving individualized discovery of 34 opt-in plaintiffs relevant to defendant's anticipated motion to decertify); Renfro v. Spartan Computer Servs., Inc., Civil Action No. 06–2284–KHV, 2008 WL 821950, at *3-4 (Mar. 26, 2008) (ruling that defendants could depose 27 FLSA opt-in plaintiffs); Krueger v. N.Y. Tel. Co., 163 F.R.D. 446, 451 (permitting individualized discovery on damages as to all 162 class members); Coldiron v. Pizza Hut, Inc., No. CV03–05865TJHMCX, 2004 WL 2601180, at *2 (C.D.Cal. Oct.25, 2004) (granting motion to compel individualized discovery of 306 opt-in plaintiffs). Defendants also urge that they require individualized discovery to prepare for the decertification stage of litigation, where "the analysis will be more searching than it was at the notice stage." (ECF No. 109, p. 5 (citing Scovil v. FedEx Ground Package Sys. Inc., 1:10-CV-00515-DBH, 2011 WL 5526033, at *3 (D. Me. Nov. 14, 2011). "The analysis will likely entail, among other possible factors: "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individual plaintiffs; and (3) fairness and procedural considerations." Scovil, 2011 WL 5526033, at *3.

The Court finds that Defendants' proposed discovery in this case is not unduly burdensome to Plaintiffs given the small opt-in class at issue.[1]  Conversely, the Court does not believe that Defendants would be able to obtain the information necessary for the decertification stage of litigation from the limited sampling and questionnaire proposed by Plaintiffs.  Finally, the Court holds that these discovery requests are not impossible for a normal person to understand and answer.  Plaintiffs can provide information related to any facts now known.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Protective Order [105] is **DENIED**.

Dated this 2nd day of May, 2013.

*[signature: John A. Ross]*

**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**

---

[1] As Plaintiffs have not yet filed a motion for Rule 23 certification, nor has the Court granted such a motion, the Court feels that Plaintiffs' argument regarding the purposed 800+ Rule 23 class is premature.  The Court will address such a motion regarding the Rule 23 plaintiffs if and when a Rule 23 class is certified.