UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

|   |   |   |
|---|---|---|
| THELMA WHITE and NICOLE CARROLL, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 4:12-CV-469 JAR |
| v. | ) ) ) | |
| 14051 MANCHESTER, INC. d/b/a HOTSHOTS SPORTS | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Compel (ECF No. 122) and Defendants' Motion for Sanctions for Failure to Comply with Discovery (ECF No. 124). On July 25, 2013, the Court held a telephone conference with counsel regarding these motions, and the Court ruled as follows.

**I.    Plaintiffs' Motion to Compel**

A.  Request Nos. 1-4, 6-9: Documents Pertaining to Ownership and Operation of Companies and Individuals that are Defendants in this Lawsuit

In their Motion to Compel, Plaintiffs claim that the Court should order production of documents pertaining to ownership and operation of companies and individuals that are defendants because such information is relevant to determine who the corporate decision-makers might be and who might be considered an employer under the FLSA. In response, Defendants contend that such documents are irrelevant because individual liability as an employer under the FLSA is determined through actual involvement in day-to-day activities, not by ownership.

The Court finds that these requests seek relevant information but are overbroad.  The Court orders Defendants to produce corporate documents (such as operating agreements, shareholder agreements) that reflect ownership of the corporate defendants during the opt-in class period.[1]  Defendants shall produce such documents within seven (7) days.

> B. Request No. 5: Written Communications To or From any Manager of HotShots Relating to Tip Sharing

Request no. 5 seeks written communications to or from any manager of HotShots related to tip sharing.  Defendants respond that this request for all documents that "reflect or contain" communications with a manager is overbroad and unduly burdensome.

The Court finds that this request seeks relevant information but is overbroad.  The Court limits request no. 5 to written communications regarding the company tip sharing policy.  Defendants shall produce such documents within seven (7) days.

> C. Request No. 10: Copies of Check Out Slips and Related Documentation Showing the Amount of Servers' or Bartenders' Tips Shared with Other Workers at HotShots

In request no. 10, Plaintiffs request copies of the check-out slips and related documentation.  Plaintiffs contend that this request relates to the illegal tip sharing requirement between servers, bartenders, cooks and doormen.  Defendants assert that they have already produced relevant documents and/or that no such documents exist.  Defendants note that the parties have stipulated as to the tip amounts.  Defendants, however, state that they do not retain the check-out slips beyond that of the current week.

---

[1] The Court orders production of corporate documents of the non-franchise HotShot locations, not the franchise HotShot locations that are not defendants in this action.

The Court finds that Plaintiffs' request for "related documentation" is overbroad. The Court orders production only of the check-out slips, which it understands includes only those for the current week. Defendants shall produce such documents within seven (7) days.

## II.     Defendants' Motion for Sanctions

In their Motion for Sanctions, Defendants seek dismissal of an opt-in plaintiff, Sasha Kline, whom Defendants contend has failed to comply with their discovery requests.[2] As of the filing of the Motion for Sanctions on July 22, 2013, Ms. Kline had not responded to the interrogatories propounded on all of the opt-in plaintiffs.  On July 23, 2013, Ms. Kline's interrogatory answers were served on Defendants.  Defendants claim that they remain prejudiced by Ms. Kline's failure to file timely answers and ask the Court to strike Ms. Kline as an opt-in plaintiff.  Defendants assert that Ms. Kline's answers are untimely as discovery closed as of July 10, 2013, and Defendants may have chosen to depose Ms. Kline, given that they did not use all ten allotted depositions.

The Court orders Plaintiffs to produce Ms. Kline for deposition within seven (7) days.[3] The Court, however, denies Defendants' request to strike Ms. Kline as a plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel [122] and Defendants' Motion for Sanctions for Failure to Comply with Discovery [124] are **GRANTED**, in part, and **DENIED**, in part.  Defendants shall provide the documents outlined above within seven (7) days

---

[2] Defendants also sought the dismissal of opt-in plaintiff Emily Regnery as sanction for her failure to comply with discovery requests.  Ms. Regnery, however, has opted out of the case. (ECF No. 133).

[3] The Court is aware of the impending deadline to file dispositive and <u>Daubert</u> motions. The Court, however, understands that the parties will be seeking amendment of the Case Management Order, including the deadlines for filing motions and the trial date. Therefore, the Court permits the reopening of discovery to allow Defendants to depose Ms. Kline.

- 4 -

of the date of this Order.  Likewise, Plaintiffs shall produce opt-in plaintiff Sasha Kline for deposition within (7) days.

Dated this 29th day of July, 2013.

_____
**JOHN A. ROSS
UNITED STATES DISTRICT JUDGE**