# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| THELMA WHITE and NICOLE CARROLL, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 4:12-CV-469 JAR |
| v. | ) ) ) | |
| 14051 MANCHESTER, INC. d/b/a HOTSHOTS SPORTS | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Quash Subpoena Duces Tecum and Memorandum in Support (ECF No. 199). On December 20, 2013, the Court held a telephone conference with counsel regarding this motion, and the Court ruled as follows.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Quash Subpoena Duces Tecum and Memorandum in Support [199] is **GRANTED**, in part, and **DENIED**, in part. The document request, Attachment A to the Second Amended Notice of Deposition directed to Joseph M. Fuchs III, is quashed, except with respect to item #6. That is, the Court orders that Mr. Fuchs shall bring to his deposition "[e]ach and every communication between you and any other Hotshots employee or representative relating to tip sharing," but the document request is quashed in all other respects.

**IT IS FURTHER ORDERED** that Defendants shall have until **January 24, 2014** to supplement their Memorandum in Opposition to Plaintiffs' Motion to Certify Class Missouri and

Illinois State Law Claims as a Class Action (ECF No. 161) pursuant to the testimony of Mr. Fuchs.[1]

**IT IS FURTHER ORDERED** that Plaintiffs shall have until **January 31, 2014** to supplement their Motion to Certify Missouri and Illinois State Claims as a Class Action (ECF No. 138) pursuant to the testimony of Mr. Fuchs.

**IT IS FINALLY ORDERED** that this action is set for a **JURY** trial on **May 5, 2014**, at 9:00 a.m.  This is a  **2**  week docket, and the parties are expected to be ready and available for trial on the first day of the docket and thereafter on twenty-four hours notice.

**In this case, unless otherwise ordered by the Court, the attorneys shall, not less than twenty (20) days prior to the date set for trial:**

1. **Stipulation:** Meet and jointly prepare and file with the Clerk a JOINT Stipulation of all uncontested facts, which may be read into evidence subject to any objections of any party set forth in said stipulation (including a brief summary of the case which may be used on Voir Dire).

2. **Witnesses:**

    (a)  Deliver to opposing counsel, and to the Clerk, a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called.

    (b)  Except for good cause shown, no party will be permitted to call any witnesses not listed in compliance with this Order.

3. **Exhibits:**

---

[1] Plaintiffs filed the affidavit of Mr. Fuchs in support of their Motion to Certify Class.  See ECF No. 140-61.

(a) Mark for identification all exhibits to be offered in evidence at the trial (Plaintiffs to use Arabic numerals and defendants to use letters, e.g., Pltf-1, Deft.-A, or Pltf Jones-1, Deft Smith-A, if there is more than one plaintiff or defendant), and deliver to opposing counsel and to the Clerk a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced.  The list shall clearly indicate for each business record whether the proponent seeks to authenticate the business record by affidavit or declaration pursuant to Fed.R.Evid. 902(11) or 902(12).

(b) Submit said exhibits or true copies thereof, and copies of all affidavits or declarations pursuant to Fed.R.Evid. 902(11)or 902(12), to opposing counsel for examination. Prior to trial, the parties shall stipulate which exhibits may be introduced without objection or preliminary identification, and shall file written objections to all other exhibits.

(c) Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order.  Any objections not made in writing by the time of the final pretrial conference may be considered waived.

**4.** **Depositions, Interrogatory Answers, and Request for Admissions:**

(a) Deliver to opposing counsel and to the Clerk a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence.  Before the time of the final pretrial conference, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

- 4 -

      (b)    Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

      5.    **Motions in Limine**: Parties shall file all motions in limine to exclude evidence at least ten (10) days before the pretrial conference.

      6.    **Final Pretrial Conference**: A final pretrial conference is set for **May 1, 2014 at 1:30 p.m.** in the chambers of the undersigned. Before the final pretrial conference, each party shall submit to the Court and to opposing counsel his/her/its written request for instructions and forms of verdicts reserving the right to submit requests for additional or modified instructions in light of the opposing party's requests for instructions. (Each request must be supported by at least one pertinent citation.)

Dated this 23rd day of December, 2013.

                                        _____
                                        **JOHN A. ROSS**
                                        **UNITED STATES DISTRICT JUDGE**